UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RICKY LEE WINTERS,

Petitioner,

v. 9:12-CV-0954 (DNH)

ERIC T. SCHNEIDERMAN,

Respondent.

---

APPEARANCES: OF COUNSEL:

RICKY LEE WINTERS
14-B-0967
Petitioner, pro se
Gowanda Correctional Facility
P.O. Box 311
Gowanda, NY 14070

HON. ERIC T. SCHNEIDERMAN
Attorney for Respondent
Office of the Attorney General
120 Broadway
New York, NY 10271

ALYSON J. GILL, ESQ.
Ass't Attorney General

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

In October 2012, petitioner Ricky Lee Winters filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged a 2009 judgment of conviction for two felony counts of driving while intoxicated ("DWI") (VEH. & TRAF. § 1192(2) and (3)). Dkt. No. 14, Amended Petition ("Am. Pet."); Dkt. No. 16, Brief in Support, with Memorandum of Law ("Brief") and Declaration In Support. Petitioner claimed that his state attorney was ineffective; the trial court violated his right to effective assistance of counsel by

denying trial counsel's requested adjournment on December 3, 2009; the prosecutors engaged in misconduct; the trial court relied on material false information when it sentenced him in violation of his due process rights, improperly denied his request to withdraw his plea, and improperly imposed an enhanced sentence in violation of his plea agreement; the original plea agreement must be upheld, or he must be given an opportunity to withdraw his plea; and appellate counsel was ineffective. Am. Pet. at 5-7; Dkt. No. 16, Brief at 4-17; Declaration In Support at 1-8. Respondent opposed the petition, and petitioner filed a reply. Dkt. No. 23, Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus ("R. Mem."); Dkt. No. 24, Answer; Dkt. No. 26, State Court Records; Dkt. No. 44, Petitioner's Reply to the Government's Answer to the Petition for a Writ of Habeas Corpus, Pursuant to 28 U.S.C. § 2254 ("Reply").

In a Decision and Order dated May 30, 2014, the petition was denied and dismissed in its entirety. Dkt. No. 64, Decision and Order; Dkt. No. 65, Judgment.

Petitioner has now moved for reconsideration of the court's decision. Dkt. No. 70, Motion for Reargument & Motion to Uphold Contractual Law & Contract Petitioner Entered into With the State of New York And to Uphold the United States Supreme Court Law Herein ("Motion"); Dkt., No. 71, Supplemental Pleading to Motion for Reargument ("Supplement"). The motion is not brought pursuant to any particular Local Rule or Rule of Federal Civil Procedure. *See id.* Petitioner's papers are voluminous, but the crux of his argument is that his habeas petition was wrongly decided, and the decisions denying his amended petition and his motion for an evidentiary hearing should be reconsidered. *See* Motion at 1-34; Supplement at 1-11. Respondent opposes the motion, and petitioner filed reply papers. Dkt. No. 72, Respondent's Letter Response; Dkt. No. 73, Response to People's Opposition Brief.

To the extent petitioner's motion may be construed as a motion to amend or alter the May 30, 2014 Decision and Order pursuant to Fed. R. Civ. P. 59(e), the motion will be denied. The standards "governing a motion for reconsideration under Rule 59(e) are strict." *Richards v. United States*, No. 1:11-CV-1341, 2012 WL 70344 at *1 (S.D.N.Y. Jan. 9, 2012). A motion for reconsideration will be denied unless the moving party can point to controlling decisions or facts that the court "overlooked" and that might "reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. *Munfao v. Metropolitan Transp. Authority*, 381 F.3d 99, 105 (2d Cir. 2004) (under Rule 59(e), "district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice.") (internal quotation marks and citations omitted); *Pierce v. Lee*, No. 3:08-CV-1721, 2010 WL 4683911 at *1 (D. Conn. Nov. 4, 2010) ("Rule 59(e) affords the Court an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice.") (internal quotation marks and citation omitted). The rules for reconsideration are strictly construed to avoid repetitive arguments on issues that have been fully considered by a court. *O'Brien v. Bd. of Educ. of Deer Park Union Free Sch. Dist.*, 127 F. Supp. 2d 342, 345 (E.D.N.Y. 2001).

Petitioner has not demonstrated that any controlling decisions or material facts were overlooked that might have influenced the prior Decision and Order. Nor has he shown that any clear error of law must be corrected, or manifest injustice prevented. His disagreement with the decision is not a basis for reconsideration. *Finkelstein v. Mardkha*, 518 F. Supp. 2d

609, 611 (S.D.N.Y. 2007) (citation omitted)).

To the extent that petitioner's motion may be construed as one brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, it will also be denied. Under Rule 60(b), a party may seek relief from a prior judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud ..., misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged ...; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6). A Rule 60(b) motion may be used to attack "the integrity of the previous habeas proceeding," but it may not be used as a vehicle to reargue the merits of the challenged decision. *See Gonzalez v. Crosby*, 545 U.S. 524, 529, 532 (2005) (a Rule 60(b) motion may be appropriate under 28 U.S.C. § 2254 if the motion "attacks not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."); *Van Gorder v. Allerd*, No. 6:01-CV-6538, 2008 WL 822018, at *2 (W.D.N.Y. Mar. 26, 2008) ("Importantly, Rule 60(b) is *not* a vehicle for rearguing the merits of the challenged decision.") (emphasis in original). Rule 60(b) is also not a substitute for appeal. *VanGorder*, 2008 WL 822018, at *2.

The arguments in petitioner's papers do not satisfy any provision of Rule 60(b). *Gonzalez*, 545 U.S. at 531-32. Rather, he reiterates many of the same arguments contained in his amended petition and supporting papers, and asserts that his petition was wrongly decided. *Compare* Dkt. No. 70, Motion, and Dkt. No. 71, Supplement, *with* Dkt. No. 14, Amended Petition, Dkt. No. 16, Brief, and Dkt. No. 44, Reply. Those arguments have

already been considered and rejected. Dkt. No. 64, Decision and Order. To the extent that petitioner claims that there was a fraud upon the court, misconduct by the respondent, or some other defect in the integrity of these proceedings, those claims are unsupported by the record and are without merit.

Petitioner's argument that his claims have been stated in his Motion and Supplement in a "more detailed and specific legal manor [sic]" does not help his cause. Supplement at 7. Rule 60(b) motions may not be used to circumvent the AEDPA's restriction on the filing of second or successive habeas petitions. 28 U.S.C. § 2244(b)(1)-(3); *Gonzalez*, 545 U.S. at 531-32. To the extent that petitioner's papers may be construed as a successive petition raising additional arguments that were not presented prior to this court's decision denying his petition, it will also be denied as outside the scope of Rule 60(b). *Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004).

Finally, petitioner challenges the court's decision denying his motion for an evidentiary hearing. In his Supplement, he argues that this court made an "unknown error" when denying him an evidentiary hearing, and the decision is based on "factually incorrect information." Supplement at 4. Specifically, he points to the statement that he "could have filed a second CPL § 440.10 motion in an attempt to exhaust his claims regarding trial counsel's performance on December 3, 2009, in light of the Appellate Division's decision, but he failed to do so." Dkt. No. 27, Decision and Order at 27. Petitioner states that on September 11, 2013, he did file a second "CPL § 440.10-§440.20 Motion with the trial court," arguing that his plea agreement was "breached," but the trial court denied the motion on November 20, 2013, finding that "as it has already been settled, '[b]y failing to appear at the

scheduled sentencing, defendant violated the terms of the plea agreement and the court was no longer bound by the agreed upon sentence." Supplement at 3-4. It is unclear from petitioner's papers whether he raised a claim in the September 11, 2013 motion that trial counsel was ineffective on December 3, 2009 but, even assuming he did, that would not change the outcome. If petitioner's second § 440 motion resulted in a decision on the merits regarding trial counsel's performance on December 3, 2009, the undersigned would have been precluded from holding an evidentiary hearing. *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1399, 1401 (2011) (review of the state court decisions rejecting petitioner's claims on the merits is limited to "the state-court record" . . . "we conclude that the Court of Appeals erred in considering the District Court evidence in its review under § 2254(d)(1)").[1]

Therefore, it is

ORDERED that

1. Petitioner's motion for reconsideration, Dkt. No. 70, is **DENIED WITH PREJUDICE;**

2. No Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires; and

3. The Clerk shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

---

[1] To the extent petitioner seeks reconsideration of other aspects of the court's decision to deny an evidentiary hearing, his motion is denied because he has not met his burden under either Rule 59(e) or Rule 60(b).

United States District Judge

Dated: October 27, 2014
Utica, New York.